UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – DETROIT

In re:

Ronald William Mercier and      Case No.: 13-60669-wsd
Shirley M. Mercier,     Chapter 7
    Hon. Walter Shapero

    Debtors
_____/

Michigan Commerce Bank,

    Plaintiff,

v.     Adv. Pro. No.: 14-04529

Ronald William Mercier and
Shirley M. Mercier,

    Defendants
_____/

## **OPINION REGARDING DEFENDANTS' MOTION TO DISMISS**

Defendants moved to dismiss various counts in the Plaintiff's First Amended Complaint, pursuant to Fed.R.Bankr.P. 7012, incorporating Fed.R.Civ.P. 12(b)(6). A hearing was held on July 24, 2014, at which the Court ruled from the bench that Defendants' Motion to Dismiss was granted as to Plaintiff's 11 U.S.C. § 523(a)(4) count. The Court took the dismissal of the other counts under advisement.

The dismissal of a complaint for failure to state a claim is governed by Fed.R.Civ.Pro. 12(b)(6), which is made applicable to this proceeding by Fed.R.Bankr.P. 7012(b). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting

1

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "[T]he complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Followell v. Mills*, 317 Fed. Appx. 501, 505 (6th Cir. 2009) (citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). Those allegations must be more than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555 (citation omitted).

The business transactions giving rise to this proceeding, generally speaking, were entered into by two LLCs of which Defendant, Ronald Mercier allegedly was the sole member and solely in charge of their day-to-day operations. Both Defendants personally guaranteed the LLCs' obligations to Plaintiff. As alleged in the Amended Complaint, these transactions were evidenced by a Business Loan Agreement signed by the LLCs, Unconditional Guarantees of the obligations thereunder signed by both Defendants, a Commercial Security Agreement and Financing Statement covering the assets of the LLCs, an Assignment of Rents, Future Advance Mortgages covering several parcels of realty, and a pledge of a life insurance policy as collateral. The Plaintiff's claims are essentially that the LLCs violated the various agreements by improperly alienating, without Plaintiffs required consent, or wasting the collateral and engaging in other actions in violation of various covenants and provisions under the agreements, as well as failures to engage in certain affirmative acts. Plaintiff argues that the Defendants' conduct thus caused it damages that should be held nondischargeable under various provisions of 11 U.S.C. § 523, and also afford a basis for denial of a discharge under provisions of 11 U.S.C. § 727. These allegations

apply in equal force as to both Defendants.

As to the § 523(a)(2)(A) claim, the Court notes what it believes is generally the applicable law: "A mere promise as to future conduct is not sufficient to make a debt nondischargeable, even though there is no excuse for the subsequent breach." *In re Baker*, 139 B.R. 692, 694 (Bankr N.D. Ohio 1992). *See also Pioneer Bank & Trust Co. v Niemiec* (*In re Niemiec*), 60 B.R. 737, 742 (Bankr N.D. Ill. 1986). Further:

> Mere breach of contract, without more, does not render a consequent debt nondischargeable under Section 523(a)(2)(A). A fraudulent promise under Section 523(a)(2)(A) requires proof that at the time the debtor made the promise, the debtor did not intend to perform as required.

*In re Bice*, 139 B.R. 662, 666 (Bankr. N.D. Ohio 1991). Reading the allegations in the Amended Complaint and taking them to be true (as the Court must), the Court is constrained to conclude that they pass the stated plausibility standard (but barely, and particularly so in the case of the Defendant wife). The situation depends particularly on what Plaintiff may be able to show was the intent of Defendants and other relevant facts as of the time the various agreements were entered into, as opposed to during the performance of the various agreements. Thus, while Plaintiff may survive the pending motion, whether it could survive an appropriately timed summary judgment motion might turn out to be another matter. The Defendants' motion is therefore denied as to this count.

As to the § 523(a)(6) Count, the applicable law may be found in the case of *In re West*, where the Court opined "Since the Supreme Court's decision in *Kawaauhau v. Geiger*, a breach of contract, even if intentional, will not independently support a finding of nondischargeability as applied to § 523(a)(6)." 446 B.R. 813, 817 (Bankr N.D. Ohio 2010) (citing *Kawaauhau v. Geiger*, 523 U.S. 57 (1998)) (footnote omitted). Variously put, Courts have held the remedy afforded by §

3

523(a)(6) generally applies to torts rather than to contracts, and a breach of contract generally will not give rise to a nondischargeable debt, even if done intentionally, unless it is accompanied by tortious conduct that meets the elements of willful and malicious injury, there being a difference between intent to commit the act and the intent to cause the resulting injury. This is generally a fact-intensive inquiry. What the Court previously stated and concluded with respect to the § 523(a)(2)(A) count similarly applies here and for the same reasons. The Defendants' motion is therefore denied as to this count.

As to the § 727(a)(2)(A) count, that cause of action requires the Plaintiff to prove that:

the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed—

(A) property of the debtor, within one year before the date of the filing of the petition[.]

The Plaintiff's allegations relate solely to property belonging to the LLCs that were owned and/or controlled by the Defendants. However, the statute clearly requires as a requisite element that the property be "property of the debtor." It is inappropriate to conflate property interests in this manner. "A member has no interest in specific limited liability company property." Mich. Comp. Laws § 450.4504 (2); *see Bank of America v. Killgrove,* 11-62528, 2013 WL 7018546 (Bankr. E.D. Mich. Dec. 20, 2013) (bank had no § 727(a)(2)(A) claim where it extended credit to a corporation and alleged that the debtor, who was a personal guarantor and principal of the corporation, misappropriated corporate assets) (appeal filed, E.D. Mich. 14-cv-10781). Even taking everything in the Amended Complaint as true, the Plaintiff, as a matter of law, cannot state a claim for relief on this count. The Defendants' motion to dismiss is therefore granted with

respect to it.

As to the § 727(a)(5) count, the Court denies the Defendants' motion. That provision is broader than § 727(a)(2)(A) and applies to "assets or deficiency of assets to meet the debtor's liabilities[.]" The inquiry required by this count is fact-intensive and appears to have a considerable overlap with the facts underlying the previously discussed § 523 counts that were not dismissed. Such precludes granting dismissal on the alleged grounds, at least at this stage of this proceeding.

Accordingly, the Defendants' Motion to Dismiss is granted in part and denied in part. The Court is contemporaneously entering an order to that effect.

.

**Signed on August 04, 2014**

                                              **/s/ Walter Shapero**
                                      **Walter Shapero**
                                      **United States Bankruptcy Judge**